IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PDVSA PETROLEO S.A.<br>Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| TRIGEANT, LTD. AND BTB<br>REFINING, LLC<br>Defendants. | § § § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes plaintiff PDVSA Petroleo S.A., and for its Complaint for Declaratory Judgment against defendants Trigeant, Ltd. and BTB Refining, LLC, alleges and avers upon information and belief as follows:

### PARTIES AND JURISDICTION

1.

PDVSA Petroleo S.A. ("PDVSA Petroleo" or "Plaintiff") is a business entity formed and existing under the laws of the Bolivarian Republic of Venezuela, with its principal place of business in Caracas, Venezuela.

2.

Trigeant Ltd. ("Trigeant") is believed to be a limited partnership organized and existing under the laws of Florida, with its principal place of business in Boca Raton, Florida, and may be served through its registered agent for service, Corporation Service Company, 701 Brazos, Austin, Texas 78701. At all times relevant hereto, Trigeant was doing business (and continues to do business) within the State of Texas and this District.

3.

BTB Refining, LLC ("BTB") (Trigeant and BTB may be referred to jointly and severally for convenience as "Defendants") is a limited liability company organized and existing under the laws of Florida, with its principal place of business in Boca Raton, Florida, and may be served through its registered agent for service, Corporation Service Company, 701 Brazos, Austin, Texas 78701. At all times relevant hereto, BTB was doing business (and continues to do business) within the State of Texas and this District.

4.

This action involves a matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs, and is between PDVSA Petroleo, which is a citizen of a foreign state and/or an agency or instrumentality of a foreign state (the Bolivarian Republic of Venezuela) on the one hand, and Trigeant and BTB on the other hand, which are citizens of states of the United States. Accordingly, this Honorable Court has jurisdiction over the case under 28 U.S.C. § 1332(a)(2) and/or § 1332(a)(4).

5.

This action also arises under the Constitution, laws, or treaties of the United States, including without limitation the Federal Arbitration Act, 9 U.S.C. §§ 9-11, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208, and/or the Inter-American Convention on International Commercial Arbitration, 9 U.S.C. §§ 301-307. Accordingly, this Honorable Court has jurisdiction over the case under 28 U.S.C. § 1331.

6.

This is an action for a Declaratory Judgment under 28 U.S.C. § 2201 wherein PDVSA Petroleo seeks a declaration that the transfer of assets from Trigeant to BTB was improperly

preferential and/or fraudulent as to PDVSA Petroleo, which was and is a creditor of Trigeant, and related relief, under the provisions of the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Comm. Code § 24.001 *et seq.*

## VENUE

7.

Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of the property that is the subject of the action is situated, in this District.

## FACTS

8.

From approximately October 2002 through approximately May 2003, PDVSA Petroleo sold Trigeant several shipments of crude oil pursuant to one or more supply contracts containing mandatory arbitration clauses.

9.

Trigeant bought the crude oil from PDVSA Petroleo to be processed into asphalt at Trigeant's refinery in Corpus Christi, Texas.

10.

Trigeant failed to pay several invoices for the crude oil delivered to it by PDVSA Petroleo, thus breaching the contracts.

11.

On September 10, 2004, PDVSA Petroleo instituted an arbitration proceeding against Trigeant to collect on the unpaid invoices, with the International Chamber of Commerce International Court of Arbitration.

12.

On March 10, 2006, a three-person arbitral tribunal issued an award in favor of PDVSA Petroleo and against Trigeant in the approximate net amount of $17 million dollars (inclusive of interest and costs).

13.

In December 2006, while Trigeant was facing a summary motion to confirm the arbitral award in this District, and was facing further exposure to an additional arbitration claim for approximately $18 million dollars (exclusive of interest and costs) for Trigeant's failure to pay for crude oil sold and delivered to Trigeant by PDVSA Petroleo under two spot contracts, Trigeant mortgaged is principal asset, being a refinery in Corpus Christi, Texas (the refinery, together with substantial related real estate holdings will be referred to herein as the "refinery"), in return for a $22,000,000.00 loan from American Capital Financial Services, Inc. ("AmCap"), acting as administrative and collateral agent for certain designated lenders.

14.

When Trigeant mortgaged the refinery to secure the loan from AmCap, the refinery was worth far more than $22,000,000.00, and that amount was below the range of values for which Trigeant would have sold the refinery in an arm's length transaction.

15.

Trigeant used part of the $22,000,000.00 loan from AmCap to pay the $17 million arbitration award to PDVSA Petroleo on or about December 29, 2006.

16.

PDVSA Petroleo initiated a second arbitration proceeding against Trigeant on August 29, 2007 to recover the price of three crude oil shipments sold and delivered by PDVSA Petroleo to Trigeant under two spot contracts, for which Trigeant had failed to pay.

17.

In December 2007, with Trigeant facing issuance of a second arbitration award against it and in favor of PDVSA Petroleo, one or more of Trigeant's insiders, acting through Trigeant affiliate BTB, caused BTB to buy the Trigeant loan from AmCap at a profit to AmCap, but for an amount lower than the range of values for which a reasonable owner would have sold the refinery.

18.

Upon information and belief, twenty percent (20%) or more of BTB's outstanding voting securities or other voting rights are directly or indirectly owned, controlled, or held with power to vote, by Trigeant or by one or more persons who directly or indirectly own, control, or hold, with power to vote, twenty percent (20%) or more of the outstanding voting securities of Trigeant.

19.

When BTB bought the loan from AmCap, BTB knew or had reasonable cause to know that Trigeant was insolvent (or would be insolvent once the second arbitration award was issued in favor of PDVSA Petroleo and against Trigeant).

20.

BTB foreclosed on the refinery-secured loan on March 4, 2008 and bought the Corpus Christi refinery as the sole bidder at the foreclosure sale.

21.

Following BTB's purchase of the refinery at the foreclosure sale, on September 24, 2008, PDVSA Petroleo obtained a second arbitration award against Trigeant in the amount of approximately $35 million dollars (inclusive of interest and costs).

**PREFERENTIAL AND/OR FRAUDULENT TRANSFER**

22.

Because this action involves real estate and other assets located in Texas, and transactions that took place in Texas, this action is brought pursuant to Texas law, including without limitation the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Comm. Code § 24.001 *et seq*.

23.

By mortgaging the refinery to AmCap in return for a loan in an amount considerably less than the lowest reasonable value of the refinery, then causing BTB to buy the loan and foreclose on the refinery for an amount also less than the refinery's lowest reasonable value, Trigeant, who was insolvent at the time of the transfer (or became insolvent as a result of the transfer and the subsequent issuance of the September 24, 2008 arbitral award), engaged in a transfer that was preferential and/or fraudulent, pursuant to Tex. Bus. & Comm. Code § 24.006(a).

24.

By mortgaging the refinery to AmCap in return for a loan in an amount considerably less than the lowest reasonable value of the refinery, then causing BTB to buy the loan and foreclose on the refinery for an amount also less than the refinery's lowest reasonable value, those persons with common ownership and/or control of Trigeant and BTB engaged in a preferential transfer to an insider for an antecedent debt, and because Trigeant was insolvent at that time (or became

insolvent after issuance of the September 24, 2008 arbitral award), and the insider had reasonable cause to believe that Trigeant was (or would become) insolvent, the transfer was preferential and/or fraudulent under Tex. Bus. & Comm. Code § 24.006(b).

25.

By mortgaging the refinery to AmCap in return for a loan in an amount considerably less than the lowest reasonable value of the refinery, then causing BTB to buy the loan and foreclose on the refinery for an amount also less than the refinery's lowest reasonable value, subject to further discovery, those persons with common ownership and/or control of Trigeant and BTB may have made the transfer with actual intent to hinder, delay, or defraud PDVSA Petroleo and/or without receiving a reasonably equivalent value in exchange for the transfer; furthermore, Trigeant and/or BTB intended to incur, or believed or reasonably should have believed that Trigeant would incur, debts beyond Trigeant's ability to pay as they became due, thus rendering the transfer preferential and/or fraudulent, pursuant to Tex. Bus. & Comm. Code § 24.005.

26.

Trigeant's actual improper and/or fraudulent intent in transferring the refinery to BTB may be shown by the following badges of improper conduct and/or fraud, pursuant to Tex. Bus. & Comm. Code § 24.005(b)(1), (4), (5), (9), (10), and (11):

(a) The transfer was made (indirectly via AmCap) to BTB, which upon information and belief is an "insider" of Trigeant because BTB is an "affiliate" of Trigeant, in that BTB is a corporation twenty percent (20%) or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by Trigeant or a person who directly or indirectly owns, controls, or holds, with power to vote, twenty percent (20%) or more of the outstanding voting securities of Trigeant;

(b)     Before the transfer was made or obligation was incurred, Trigeant was facing exposure to a large arbitration award;

(c)     The transfer was of substantially all of Trigeant's assets;

(d)     Trigeant was insolvent or became insolvent after the transfer was made;

(e)     The transfer occurred shortly before a substantial award was rendered against Trigeant (i.e. shortly before a substantial debt was incurred or ratified); and/or

(f)     Trigeant transferred the essential assets of the business to a lienor (AmCap) who transferred the assets to an insider of the debtor (BTB).

27.

Trigeant and/or those with substantial common ownership, interest, and/or control of Trigeant and BTB, engaged in an improper and/or fraudulent scheme to "wash" Trigeant's principal asset, the Corpus Christi refinery, and place it beyond the reach of PDVSA Petroleo as a creditor of Trigeant by (1) mortgaging the refinery to AmCap in return for loan proceeds substantially less than the refinery's market value; (2) causing BTB to buy the loan; and (3) causing BTB to foreclose on the loan and buy the refinery, with the current result that the persons who were formerly exposed to loss of substantially all value of ownership in Trigeant due to execution by PDVSA Petroleo on its September 24, 2008 arbitration award on Trigeant's principal asset, now own the substantially whole value of the asset as "washed" into the hands of BTB via AmCap. PDVSA Petroleo is not alleging at this time (and has no information or reason to believe at present) that AmCap had knowledge of this improper and/or fraudulent scheme by Trigeant and BTB and those in common control of Trigeant and BTB.

28.

BTB did not acquire the refinery in good faith or for a reasonably equivalent value.

29.

PDVSA Petroleo is entitled to have the preferential and/or fraudulent transfer to BTB avoided to the extent necessary to satisfy PDVSA Petroleo's claim against Trigeant under the September 24, 2008 arbitration award.

30.

PDVSA Petroleo is entitled to an attachment or other provisional remedy against the refinery in accordance with the Texas Rules of Civil Procedure and/or the Civil Practice and Remedies Code relating to ancillary proceedings.

31.

PDVSA Petroleo is entitled to an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property, the appointment of a receiver to take charge of the refinery; and/or any other relief the circumstances may require.

32.

PDVSA Petroleo is entitled to levy execution on the refinery or its proceeds.

33.

Pursuant to § 37.009, Texas Civil Practice & Remedies Code, PDVSA Petroleo is entitled to recover its costs, including its reasonable and necessary attorney's fees.

WHEREFORE, premises considered, PDVSA Petroleo S.A. prays for a declaratory judgment that the transfer of the Corpus Christ refinery from Trigeant to BTB via AmCap was preferential and/or fraudulent as to PDVSA; voiding the transfer to the extent necessary to satisfy PDVSA Petroleo's claim against Trigeant under the September 24, 2008 arbitration award; issuing an order of attachment against the refinery; and enjoining further disposition by Trigeant and/or BTB or both of the refinery; and/or the appointment of a receiver to take charge of the

refinery; and/or any other relief the circumstances may require; and ordering levy of execution on the refinery or its proceeds in favor of PDVSA Petroleo. PDVSA Petroleo further prays that it recover its costs and attorneys fees incurred in this action, and for all other relief to which it may be entitled.

Respectfully submitted,

/s/ James F. Buchanan
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Facsimile

**ATTORNEYS FOR PLAINTIFF, PDVSA PETROLEO S.A.**

OF COUNSEL:

WELDER LESHIN LLP
Frank L. McNiff, Jr.
State Bar No. 13839020
Federal ID No. 12595

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Christopher O. Davis
La. Bar No. 4722
codavis@bakerdonelson.com
Evan T. Caffrey
TX Bar No. 03588650
ecaffrey@bakerdonelson.com
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

234130