**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **PDVSA PETROLEO S.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 2:09-cv-00038** |
| | § | |
| **TRIGEANT, LTD.,** | § | |
| **BTB REFINING, L.L.C., and** | § | |
| **HARRY SARGEANT, III,** | § | |
| | § | |
| **Defendants.** | § | |

---

### ORDER DENYING ATTORNEY FEES

---

In relevant part, PDVSA Petroleo S.A. (PDVSA) brought suit against Trigeant, Ltd. (Trigeant), BTB Refining, LLC (BTB), and Harry Sargeant, III (Sargeant) pursuant to diversity jurisdiction. (D.E. 120.)  After a bench trial, PDVSA obtained findings of fact and conclusions of law against Trigeant and BTB that transfer of the subject asphalt refinery constituted actual and constructive fraud under the Texas Uniform Fraudulent Transfer Act (TUFTA).  PDVSA requested attorney fees under TUFTA in its pleading and that request was deferred. (D.E. 120, pp. 3, 18; D.E. 239, p. 22.)  Now before the Court is PDVSA's Motion for Attorney Fees (D.E. 242.)  For the reasons set forth below, the motion is DENIED.

#### A.  Federal Law Precludes "Procedural" Attorney Fees.

BTB has challenged PDVSA's request for attorney fees based upon the Court's diversity jurisdiction and federal law.[1] (D.E. 254.)  According to the argument, even though the award of attorney fees is requested under a substantive statute (TUFTA § 24.013), such a request is

---

[1]  Sargeant has joined with and adopted BTB's opposition. (D.E. 255, 270.)

actually a "procedural" matter.  Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938), all such procedural matters are governed by federal law when the Court sits in diversity jurisdiction and there is a conflict between the state and federal law.  The conflicting federal law is the "American Rule" by which litigants pay their own attorney fees and there is no fee-shifting absent applicable contractual or statutory provisions or well-defined exceptional circumstances. *Chambers v. NASCO, Inc*., 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133 (1991).[2]

One such exceptional circumstance is where there is bad faith, vexatious, wanton, or oppressive conduct by the party charged. *Id*.  While it is not uncommon for a fraud case to involve conduct that could be said to fall within those categories, that "bad faith" exception has been held to be limited to conduct that takes place in the course of the subject litigation rather than in the conduct that triggered the claims in the first case. *Sanchez v. Rowe*, 870 F.2d 291, 295 (5th Cir. 1989); *see also North Star Alaska Housing Corp. v. U.S.*, 85 Fed. Cl. 241, 245 (Fed. Cl. 2009) (collecting cases).  Therefore, that exception does not apply here.  No party has been found to have litigated this case in bad faith.  Rather, the conduct with respect to the fraudulent transfer of the refinery was intentional or in bad faith.

The issue is whether the request for attorney fees arising under TUFTA is a "procedural" request.

**B.  TUFTA § 24.013 Supports Only a "Procedural" Request.**

Where attorney fees are a component of available substantive relief for a prevailing party, those fees are typically granted. *See, e.g., Chambers*, 501 U.S. at 52, 111 S.Ct. at 2137 (citing *Sioux County v. Nat'l Surety Co*., 276 U.S. 238, 48 S.Ct. 239 (1928) (statute provided for

---

[2]  Other exceptions to the American Rule include the "common fund" exception, sanctions for "willful disobedience of a court order," and the "collateral litigation" exception.  *See Chambers*; RESTATEMENT (SECOND) OF TORTS § 914(2) (1979) ("collateral litigation" refers to additional litigation with a third party, not the main (fraud) action, itself).

recovery of attorney fees for the prevailing party as a substantive right to damages)).  PDVSA contends that it is entitled to attorney fees under § 24.013 of TUFTA, which reads, "In any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just."  The parties have not cited, and the Court has not found, any case in which this particular attorney fee provision has been construed as substantive or procedural under an *Erie* analysis.

Instead, BTB invokes the holdings in cases that address the nearly identical attorney fee provision of the Texas Declaratory Judgment Act (TDJA).  In *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006) and *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), the Fifth Circuit held that the fee-shifting provision of the TDJA was procedural because (1) the entire Act had been held to be procedural (in that it supplies a procedure for obtaining relief when the entitlement to relief is defined by other law); and (2) the fee-shifting provision is not necessarily tied to the outcome of the litigation.  Because of the wide discretion the TDJA gives the trial judge in shifting fees in favor of a ***non***-prevailing party, actual examples of which the Court supplied in its opinion in *Camacho*, the TDJA was confirmed as procedural in its specific fee-shifting language.

In general terms, TUFTA is not a procedural statute like the TDJA.  However, like the TDJA, the § 24.013 attorney fee provision allows assessment of fees as are "equitable and just" without reference to the prevailing party.  It is also set out independently from the substantive remedies available to prevailing parties and is labeled, "Costs."  It is thus conceivable that a trial court could properly grant attorney fees in favor of a non-prevailing party.

The TDJA decisions and their rationale counsel in favor of determining that TUFTA § 24.013 is procedural in that it is not set out as a basis for assessing the prevailing party's

3

compensatory damages.  The Court is not persuaded that the House Research Organization bill analysis, which recounts the arguments of supporters and opponents, supplies any "legislative history" that requires a reading of the statute that is more restrictive than the language, without ambiguity, allows.

Neither does the Court agree with the "common sense" argument that no court would ever award attorney fees to a party found to have engaged in a fraudulent transfer.  The issue is not whether this scenario is likely.  Under *Chambers* and *Camacho,* the fact that it is possible renders the "costs" statute procedural.

Section 24.013 is thus unavailable as a basis for the award of attorney fees to PDVSA in this diversity case.

### C.  No Federal Courts Have Awarded Attorney Fees in this Precise Context.

The parties have cited federal cases that appear to support an award of attorney fees under TUFTA in a federal court proceeding and the Court has performed its own research in this regard.   The federal cases addressing the award of attorney fees in fraudulent transfer proceedings can be placed into three categories:  (1) cases that expressly hold that the Uniform Act does not provide for the award of attorney fees;[3] (2) cases arising under bankruptcy or receivership jurisdiction rather than diversity, thus avoiding the *Erie* question altogether;[4] and (3)

---

[3]  *TM, LLC v. Anderson,* 2012 WL 4483180, *10 (E.D.N.C. 2012) ("the court has found no provision for attorney's fees within the act itself."); *In re Lexington Oil and Gas Ltd.,* 423 B.R. 353, 375 (Bkrtcy. E.D. Okla. 2010) (Oklahoma UFTA does not support award of attorney's fees).

[4]  Bankruptcy jurisdiction falls under 28 U.S.C. § 1334.  The cases at issue are:  *In re Cash Rewards, Inc.,* 2012 WL 967862, *8 (Bkrtcy. N.D. Tex. 2012); *In re Pace,* 456 B.R. 253, 283 (Bkrtcy. W.D. Tex. 2011); *In re Galaz,* 2010 WL 4702446, *7 (Bkrtcy. W.D. Tex. 2010); *In re Supplement Spot, LLC,* 409 B.R. 187, 210 (Bkrtcy. S.D. Tex. 2009); *In re Houston Drywall, Inc.,* 2008 WL 2754526, *30 (Bkrtcy. S.D. Tex. 2008).  Another bankruptcy case, *In re Youngstown Osteopathic Hosp. Ass'n,* 280 B.R. 400, 416 (Bkrtcy. N.D. Ohio 2002), awarded attorney fees in a fraudulent transfer case, but that award was tied to a punitive damage award based on actual malice in the nature of hatred, ill will, spite, retaliation, or revenge and did not involve a fee-shifting statute.  Thus it is doubly inapplicable to this discussion.  *Quilling v. 3D Marketing, LLC,* 2007 WL 1058217, *4 (N.D. Tex. 2007) (Mag. Judge Report and Recommendation), *adopted, Quilling v. 3D Marketing, LLC,* 2007 WL 631281 (N.D. Tex. Feb 28, 2007) (receiver has jurisdiction to sue in federal district court by way of 28 U.S.C. §§ 754, 959).

cases out of the Northern District of Texas that award attorney fees under § 24.013.[5]   The last is the only category requiring discussion.

The *Mullins* case simply noted TUFTA § 24.013 when awarding attorney fees.   The award was actually independently supported by the statute allowing attorney fees to prevailing parties in contract actions.   *Mullins,* 2006 WL 2167401, at *10–11.   Thus this case is not helpful to the analysis here.

*GE Capital*, on the other hand, awarded attorney fees with the only statutory reference being TUFTA § 24.013.   Importantly, three other forces were at work in the *GE Capital* case: (1) the parties had stipulated as to the amount of pre-judgment attorney fees that would be available to the prevailing party, thus consenting to an award by the court; (2) both parties' post-judgment conduct was used by the court as offsetting in the context of any post-judgment attorney fee award; and (3) there is no mention of an *Erie*-based objection.   This opinion does not supply an analysis upon which this Court may rely in addressing the *Erie*-based objection here, particularly in light of the parties' stipulation.

Thus no federal court has awarded attorney fees under TUFTA in a manner that militates in favor of such an award in this diversity case where the Court's jurisdiction to do so has been clearly questioned.

**D.    Conclusion**

It is certainly counter-intuitive to deny attorney fees in the face of statutory language specifically permitting fee-shifting.   However, this Court is constrained by the *Chambers* and *Camacho* opinions and their analysis of governing law in a diversity jurisdiction case.

---

[5]   *Mullins v. Testamerica, Inc.*, 2006 WL 2167401, *10-11 (N.D. Tex. August 2, 2006); *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 2012 WL 2159185 (N.D. Tex. June 13, 2012).

Accordingly, PDVSA's motion for attorney fees (D.E. 242) is DENIED.

ORDERED this 3rd day of December 2012.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**